UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT <u>SEATTLE</u>

ROBERT ALBERT, an individual,

                Plaintiff,

      v.

LABORATORY CORPORATION OF
AMERICA, a Delaware Corporation

                Defendant.

CASE NO. 2:19-CV-00510 RAJ-MLP

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER**

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.      General Principles**

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.** **ESI Disclosures**

Within 20 days after the d a t e   t h e   p a r t i e s   s i g n   t h i s   A g r e e m e n t, each party shall disclose:

1.      Custodians. The seven custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.      Non-custodial Data Sources. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.      Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, social media websites, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.**      **Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.      Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.      All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that

data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3.     Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

      a.     Deleted, slack, fragmented, or other data only accessible by forensics.

      b.     Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

      c.     On-line access data such as temporary internet files, history, cache, cookies, and the like.

      d.     Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

      e.     Back-up data that are substantially duplicative of data that are more accessible elsewhere.

      f.     Server, system or network logs.

      g.     Data remaining from systems no longer in use that is unintelligible on the systems in use.

      h.     Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.     Privilege**

1.     With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2.     Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.     Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 30 days of discovery by the producing party of the inadvertent production.

4.     Privilege Log Based on Metadata. The parties agree that privilege logs shall include

a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.

**E.      ESI Discovery Procedures**

1.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology. In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

a.      A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

b.      If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

c.      Focused terms and queries should be employed; broad terms or queries,

such as product and company names, generally should be avoided.  Absent a showing of good cause, each search term or query returning more than 250 megabytes of data is presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

        d.    The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

    3.   <u>Format.</u> The parties agree that ESI will be produced to the requesting party in the following format:

    a.    Responsive Documents shall be produced in image format, with load files that are compatible with Concordance and Ipro (.OPT / .DAT).  The images shall be produced in black & white, single-page, 300 DPI, Group IV .tiff images.  Extracted text shall be provided for each Document as document level text files and a path to the document level text file shall be included in the load file.  All images should be branded with the Bates number assigned to each page, in the lower right hand corner in such a fashion as to not obscure any portion of the image.  Original Document orientation should be maintained to the extent possible.

    b.    Each Document load file shall include the following fields (to the extent such fields are available) of searchable metadata or information:

| Field | Description |
| --- | --- |
| BEGBATES | The first bates number of the Document. |
| ENDBATES | The last bates number of the Document. |
| BEGATTACH | In case where the Document contains attachment/s, the first bates number of the parent Document. |
| ENDATTACH | In case where the Document contains attachment/s, the last bates number of the last child Document. |
| ATTACHMENTCOUNT | In case where the Document contains attachment/s, the number of attachments included within the Document. |
| CUSTODIAN | The name of the individual from whom this data was collected. |

| Field | Description |
|---|---|
| ALLCUSTODIAN | For any Document that have been globally de-duplicated, all custodians who had a copy of the Document before de-duplication. |
| MD5HASH | The unique identifier which is generated during processing of ESI. |

In the case of e-mail, text message, or other written communication, whether transmitted or drafted, the load files shall also include (to the extent such fields are available):

| Field | Description |
|---|---|
| | |
| FROM | The author of the email. |
| TO | The recipient(s) of the email. |
| CC | The person/s copied on the email. |
| BCC | The person/s blind copied on the email. |
| DATESENT | The date on which the email was sent. |
| TIMESENT | The time at which the email was sent. |
| DATERECEIVED | The date on which the email was received. |
| TIMERECEIVED | The time at which the email was received. |
| EMAILSUBJECT | The subject of the email. |

c.       In the case of other non-e-mail electronic files  (*e.g.*, Microsoft Word, Microsoft Excel, etc.), the load files shall also include (to the extent such fields are available):

| Field | Comment |
|---|---|
| FILENAME | The name of the electronic file. |
| FILEEXTENSION | The file extension of the electronic file. |
| AUTHOR | The creator of the electronic file. |
| DATECREATED | The date on which the electronic file was created. |
| TIMECREATED | The time at which the electronic file was created. |
| DATELASTMODIFIED | The date on which the electronic file was last modified/saved. |
| TIMELASTMODIFIED | The time at which the electronic file was last modified/saved. |
| DATELASTACCESSED | The last date on which the electronic file was accessed. |

| Field | Comment |
| --- | --- |
| ORIGINALPATH | The full path of the source files or folder path contained in a mail store. |

d.      All Documents whose native format is that of a Microsoft Excel file (or other electronic spreadsheet file) or other Documents where .tiff images do not adequately communicate the substantive content or context of the file (*e.g.,* multimedia files, databases) shall be produced with a single-page placeholder (Group IV .tiff image) indicating that the file has been produced natively and shall be produced in its original native format, including, but not limited to the logical formulae within the cells of any spreadsheet and any metadata contained in the file.  In the case of any databases and/or files created in proprietary applications, the parties should discuss whether a standard export of structured data into a commonly used application (*e.g.*, Microsoft Access or SQL) would be appropriate or whether there is some other form of production or reporting that would be more appropriate.

e.      For Documents that have been redacted, Optical Character Recognition ("OCR") matching the redacted version of the Document shall be provided as "text" for such documents. To the extent any Document that would have been produced in native format pursuant to the instruction above has been redacted, .tiff images and OCR of the redacted document will suffice in lieu of a native file.  The parties will, however, make reasonable efforts to ensure that any such Documents that are produced only as .tiff images are formatted so as to be readable.

f.      Notwithstanding the foregoing, if any Documents are produced in a form that is not reasonably useable by the undersigned, the undersigned reserves the right to request specific and individual records to be delivered in a different form, including, but not limited to, native format.  Further, the right to demand production of any other responsive Documents in their native format (including all metadata) is expressly reserved, and the parties shall preserve all

Documents to which a duty of preservation attaches in their native format (including all metadata).

      g.      Parties may produce documents via a secure file transfer mechanism or on readily accessible computer or electronic media as the Parties may hereafter agree upon, including secure password-protected electronic download (e.g., SFTP)or external hard drive. All production media will be encrypted and the producing party will provide a decryption key to the requesting party in a communication separate from the production itself.

      4.    <u>De-duplication.</u>  The parties will make all reasonable efforts to de-duplicate their ESI production across custodial and non-custodial data sources.


      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated this 24th day of September, 2019


**HKM Employment Attorneys LLP**
*/s/ Jason A. Rittereiser*
Jason A. Rittereiser, WSBA No. 43628
Donald W. Heyrich, WSBA No. 23091
Daniel Kalish, WSBA No. 35815
Rachel M. Emens, WSBA No. 49047
Henry Brudney, WSBA No. 52602
600 Stewart Street, Suite 901
Seattle, WA 98101
Telephone: (206) 838-2504
Facsimile:   (206) 260-3055
Email:     jrittereiser@hkm.com
           dheyrich@hkm.com
           dkalish@hkm.com
           remens@hkm.com
           hbrudney@hkm.com


*Attorneys for Plaintiff Robert Albert*

SEBRIS BUSTO JAMES
*/s/ Jeffery A. James*
Jeffery A. James, WSBA #18277
14205 SE 36th Street, Suite 325
Bellevue, Washington 98006
Telephone: (425) 454-4223
jaj@sebrisbusto.com
jrossiter@sebrisbusto.com

*Attorneys for Defendant LabCorp*
KELLEY DRYE & WARREN LLP
*/s/ Robert I. Steiner*
Robert I. Steiner, Pro Hac Vice
Steven R. Nevolis, Pro Hac Vice
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
rsteiner@kelleydrye.com
snevolis@kelleydrye.com

*Attorneys for Defendant LabCorp*

# ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED: September 25, 2019

MICHELLE L. PETERSON
United States Magistrate Judge