UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT ALBERT,

        Plaintiff,

v.

LABORATORY CORPORATION OF AMERICA,

        Defendant.

Case No. C19-510-RAJ-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Defendant Laboratory Corporation of America's ("Defendant" or "LabCorp") motion for leave to amend the answer to add counterclaims and affirmative defense. (Dkt. # 25 ("Mot.").) Plaintiff Robert Albert opposes Defendant's motion (dkt. # 29 ("Opp'n")) and Defendant submitted a reply (dkt. # 36 ("Reply")). The Court, having reviewed the parties' submissions, the governing law, and the balance of the record, and finding oral argument unnecessary, GRANTS in part and DENIES in part Defendant's motion.

## II.    FACTUAL BACKGROUND

This matter is an age discrimination action arising out of Plaintiff's employment for LabCorp, a healthcare diagnostic company. (Dkt. # 1-4 ("Compl.") at ¶¶ 4-1, 4.4.) Plaintiff

alleges that during his employment, he was subject to discriminatory comments regarding his age. (*Id.* at ¶¶ 4.14-4.16, 4.22-4.24.) After turning 60, Plaintiff alleges that his direct supervisor and other company leadership began making comments and suggestions about Plaintiff's retirement despite the fact Plaintiff had no intention of retiring. (*Id.* at ¶¶ 4.22-4.24.) Plaintiff also alleges that in June 2018, he was informed that LabCorp's CEO and Chairman intended to promote him to Senior Vice President. (*Id.* at ¶ 4.26.) Plaintiff alleges that soon after, his direct supervisor took action to undermine this promotion by discrediting Plaintiff due to his age and also made efforts to suggest a younger candidate for the position. (*Id.* at ¶¶ 4.28-4.30.) Plaintiff argues that as a result, he was not only denied the promotion, but he was also demoted. (*Id.* at ¶¶ 4.32, 4.44.) Lastly, Plaintiff alleges he was subjected to a meeting on October 17, 2018 with his direct supervisor and a representative from the human resources department during which he was presented with a letter purporting to acknowledge Plaintiff's retirement. (*Id.* at ¶¶ 4.39, 4.40.) Plaintiff alleges that he had no intention of retiring, but nonetheless signed the letter and was effectively terminated on January 1, 2019. (*Id.* at ¶ 4.44); (Dkt. # 30 ("Rittereiser Decl."), Ex. A ("October 2018 Letter").)

### III. PROCEDURAL BACKGROUND

Plaintiff Albert served his complaint on Defendant's registered agent on March 19, 2019. (*See* Compl.) Defendant removed the matter to this Court on April 8, 2019. (Dkt. # 1 ("Notice of Removal").) Defendant filed its answer on April 30, 2019. (Dkt. # 19 ("Answer").) On May 9, 2019, the parties held a 26(f) conference, at which time Defendant served Plaintiff with its first set of interrogatories and requests for production. (Ritteresier Decl. at ¶ 6.) On May 30, 2019, the parties agreed to attend mediation. (Dkt. # 26 ("Nevolis Decl.") at ¶ 5.) The deadline to amend pleadings passed on July 22, 2019. (Dkt. # 24 ("Sched. Order") at 2.) An unsuccessful mediation

was held on August 1, 2019. (*Id.* at ¶ 7.) Plaintiff served his first set of interrogatories and requests for production on Defendant on August 5, 2019. (Ritteresier Decl. at ¶ 8.)

Defendant first communicated its intention to amend its answer to Plaintiff on August 27, 2019. (Rittereiser Decl. at ¶ 10.) Plaintiff advised Defendant that he would not stipulate to Defendant's proposed amendments on September 3, 2019. (*Id.* at ¶ 11.) Defendant repeated its request and Plaintiff again declined to stipulate on September 11, 2019. (*Id.* at ¶ 12.) Defendant filed the instant motion for leave to amend the answer the following day. (*See* Mot.)

Defendant seeks leave to amend its answer to Plaintiff's complaint to add counterclaims for breach of the implied duty of good faith and fair dealing, unjust enrichment, and attorney's fees and costs under RCW 4.84.185. Defendant asserts that each of these causes of actions arise out of Plaintiff's underlying age discrimination action, specifically the October 2018 letter signed by Plaintiff regarding his departure from LabCorp. (Mot. at 3.) Defendant asserts the letter was an agreement with Plaintiff that he would retire effective November 22, 2019 in exchange for retirement benefits that he would not have been entitled to if he were terminated. (*Id.* at 3.) Defendant also seeks to add an affirmative defense of offset based on the retirement benefits Defendant asserts Plaintiff received. (*Id.* at 1.)

Plaintiff opposes Defendant's motion, arguing that Defendant has not shown good cause for leave to amend pursuant to Federal Rule of Civil Procedure 16. (Opp'n at 10-11.) Plaintiff further argues that even if Defendant could show good cause, its proposed amendments are futile, prejudicial, sought in bad faith, and amount to undue delay under Rule 15. (*Id.* at 12-15.)

### IV. DISCUSSION

The general rule is that amendment of pleadings is to be permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on

the part of the moving party." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leadsinger, Inc. v. BMG Music Publ.*, 512 F.3d 522, 532 (9th Cir. 2008). Generally, a motion for leave to amend a complaint would be governed by Rule 15(a), which liberally allows amendments to pleadings. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend pleadings] when justice so requires.").

However, once the court enters a pretrial scheduling order that sets a deadline to amend pleadings and a party moves to amend a pleading after the deadline, the court evaluates the motion to amend under Rule 16 and its more stringent "good cause" standard. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). A court considering a party's request for leave to amend the pleadings after the scheduling order deadline has passed must engage in a two-step analysis: the court first asks whether the party has satisfied Rule 16's more stringent "good cause" requirement, and if good cause is shown, the court then considers whether amendment would be proper under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 609.

### A. Rule 16's Good Cause Standard

Defendant contends the more liberal standard of Rule 15 should apply to its motion. (*See* Mot. at 4.) However, because the deadline to amend the pleadings has passed, the Court applies the good cause standard pursuant to Rule 16 and must consider to Defendant's diligence in

seeking the instant motion. Plaintiff argues Defendant was not diligent in seeking its request because Defendant waited six months to present the motion, even though the facts it relies on, namely the October 2018 letter, were known to Defendant at the time Plaintiff filed the complaint. (Opp'n at 11.)

The Court finds Defendant was sufficiently diligent in seeking its motion to amend, and therefore has shown good cause. Although Defendant filed its answer in April 2019, it appears from the docket and the parties' declarations that little has occurred in this matter until the past few months due to the parties' efforts to settle the case, which may have caused Defendant's delay in seeking this motion. Soon after the parties Rule 26(f) meet and confer, the parties agreed to attend mediation in hopes of resolving this matter. The mediation occurred in August 2019, after the amended pleadings deadline, but was unsuccessful. Later that month, Defendant advised Plaintiff of its intent to amend its answer. After Plaintiff declined to stipulate to the proposed amendments, Defendant filed the instant motion. This is Defendant's first motion to amend any pleadings.

The Court finds Defendant has shown diligence in in seeking its proposed amendment after the unsuccessful mediation, and before a substantial amount of discovery and litigation has been conducted. Further, as Defendant notes, denying Defendant's motion would result in Defendant filing a separate lawsuit against Plaintiff based on the same facts and seeking to consolidate it with this action. Such a result would unnecessarily delay this matter, and be a poor use of both the Court and the parties' resources.

**B.     Bad Faith, Undue delay, Prejudice, Futility**

Having found Defendant has met the good cause standard, the Court turns to whether the proposed amendment would be proper under Rule 15. For the reasons discussed below, the Court finds leave for the proposed amended answer should be granted for all but one counterclaim.

*1.    Futility*

The Court finds Defendant's proposed counterclaim under breach of the implied duty of good faith would not be futile. A duty of good faith and fair dealing is implied in every contract. *Badgett v. Sec. State Bank,* 116 Wash.2d 563, 569 (1991). This duty obligates the parties to cooperate with each other so that each may obtain the full benefit of performance. *Metropolitan Park Dist. of Tacoma v. Griffith,* 106 Wash.2d 425, 437 (1986); *Lonsdale v. Chesterfield,* 99 Wash.2d 353, 357 (1983); *Miller v. Othello Packers, Inc.,* 67 Wash.2d 842, 844 (1966). Defendant argues that the signed October 2018 letter was a written agreement with Plaintiff to retire from LabCorp in exchange for retirement benefits that he would not be entitled to if he were terminated. (Dkt. # 25-1 ("Proposed Counterclaim") at ¶ 2.) Defendant asserts that by receiving the alleged retirement benefits while claiming to have been terminated, Plaintiff has frustrated the agreement's purpose, voided his entitlement to the benefits, and shown a lack of cooperation. (Mot. at 3.) The Court finds Defendant has sufficiently pled his claim for breach of the implied duty of good faith and fair dealing.

Similarly, Defendant's proposed unjust enrichment counterclaim would not be futile. A claim for unjust enrichment has three elements: (1) the defendant [or counter-defendant] receives a benefit, (2) the received benefit is at the plaintiff's [or counter-plaintiff's] expense, and (3) the circumstances make it unjust for the defendant [or counter-defendant] to retain the benefit without payment. *Young v. Young*, 164 Wash.2d 477, 484 85 (2008). Defendant alleges that

Plaintiff was unjustly enriched by receiving retirement benefits conditioned on his retirement from LabCorp and while initiating this action claiming he was unlawfully terminated. (Mot. at 3-4.) Defendant's proposed counterclaim has sufficiently plead an unjust enrichment cause of action.[1]

The Court, however, finds Defendant's proposed counterclaim under RCW 4.84.185 would be premature at this time. Under Washington law, the prevailing party in a civil action may move the court for reasonable expenses, including attorneys' fees "after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action." RCW 4.84.185. Before the party files such motion, the court must have made written findings that the claim or defense "was frivolous and advanced without reasonable cause." *Id.* Defendant argues an independent cause of action under RCW 4.84.185 would not be futile because courts routinely decide whether a party is entitled to attorney's fees and costs under RCW 4.84.185 at the same time rulings are made on dispositive motions, such as summary judgment or a motion to dismiss. (Reply at 4.) However, the Court has not made the requisite findings for RCW 4.84.185 to apply at this stage of the litigation and there is no dispositive motion before the Court. Further, Defendant cites to no authority suggesting RCW 4.84.185 constitutes an independent cause of action. The Court therefore denies Defendant's request for leave to add a counterclaim under RCW 4.84.185. Defendant is not barred from bringing a motion under RCW 4.84.185 at a later, appropriate time.

---

[1] Plaintiff's opposition asserts the conclusory argument that Defendant's proposed affirmative defense of offset is futile, prejudicial, and sought in bad faith, however, Plaintiff does not make any arguments specific to offset. The Court finds Defendant has sufficiently plead offset to give Plaintiff notice of the nature of the defense. As a practical matter, the counterclaim for unjust enrichment likely overlaps with the proposed affirmative defense of offset.

*2. Prejudice*

Plaintiff alleges Defendant's proposed amendments will necessitate time and expense associated with added discovery regarding the proposed counterclaim and will therefore be prejudicial. (Opp'n at 15.) However, Plaintiff has known about the October 2018 letter since filing the complaint and it appears discovery for the proposed counterclaim will likely overlap with the discovery necessary for Plaintiff's claims. Further, as discussed above, discovery is in its early stages and the parties have sufficient time to conduct further discovery before the discovery deadline. The Court finds that the minimal prejudice which may be suffered by Plaintiff is outweighed by the other factors favoring amendment of the answer and the strong public policy favoring disposition of cases on the merits.

*3. Bad Faith*

Plaintiff asserts that in seeking to amend the answer, Defendant continues to delay discovery and display intimidating and retaliatory behavior towards Plaintiff. (Opp'n at 11.) The Court disagrees. First, both parties have granted courtesy extensions to provide discovery requests, and it appears the only discovery conducted so far are the parties' first set of discovery requests.[2] Should a discovery dispute arise, either party is free to raise it with the Court through a discovery motion pursuant to LCR 16(b)(3). Second, although Plaintiff asserts that Defendant has been "outspoken" about Plaintiff damaging his professional relationship and reputations by commencing this litigation, the record does not reflect conduct by Defendant that rises to the level of bad faith. Accordingly, the Court declines to making a finding of bad faith.

---

[2] Although the Rittereiser Declaration states Defendant served Plaintiff with a notice of deposition which was to be held on July 10, 2019, it is not clear from the record whether the deposition was actually conducted. (*Id.* at ¶ 6.)

*4.     Undue Delay*

Lastly, for the same reasons the Court found Defendant has shown good cause under Rule 16, the Court finds there was no undue delay that would warrant denying Defendant's motion. Defendant moved for leave to amend its answer soon after engaging in an unsuccessful mediation, and there is ample time to conduct discovery before the discovery deadline. Defendant has met the liberal standard under Rule 15(a).

## V.     CONCLUSION

For the forgoing reasons, the Court GRANTS in part and DENIES in part Defendant's motion for leave to amend the answer to add counterclaims and an affirmative defense (dkt. # 25). Defendant is granted leave to amend the answer to add counterclaims under breach of the implied duty of good faith and unjust enrichment, and to add the affirmative defense of offset. Defendant is denied leave to amend the answer to add a counterclaim under RCW 4.84.185.

The Clerk is directed to send copies of this order to the parties and to the Honorable Richard A. Jones.

Dated this 3rd day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge