UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT ALBERT,

        Plaintiff,

v.

LABORATORY CORPORATION OF AMERICA,

        Defendant.

Case No. C19-510-RAJ-MLP

ORDER

## I.    INTRODUCTION

Before the Court is Defendant Laboratory Corporation of America ("LabCorp")'s Motion for a Protective Order (dkt. # 48) and Plaintiff Robert Albert's Cross-Motion to Compel (dkt. # 52). The Court has considered the Motions, Responses and Replies (dkt. ## 54, 57), and declarations filed in support and opposition to the Motions (dkt. ## 49, 50, 53, 56), and the arguments of counsel at a hearing conducted January 28, 2020. For the reasons stated on the record, and as further explained below, the Court DENIES without prejudice LabCorp's Motion (dkt. # 48) and GRANTS in part and DENIES in part Plaintiff's Cross-Motion (dkt. # 52). The Court does not order the imposition of sanctions.

ORDER - 1

## II. BACKGROUND

This is an age discrimination case arising from Plaintiff's termination from LabCorp's employment in October 2018. (Compl. (Dkt. # 1).) The parties' current discovery dispute is rooted in a misunderstanding of LabCorp's obligations pursuant to Rule 34 of the Federal Rules of Civil Procedure and this Court's Model Agreement re: Discovery of Electronically Stored Information ("ESI Agreement"). In August 2019, Plaintiff's counsel served LabCorp with his first set of interrogatories and requests for production. (Brudney Decl., (Dkt. # 53), Ex. 2.) Shortly after receiving Plaintiff's discovery requests, the parties entered into a revised version of the Court's ESI Agreement. (Signed ESI Agreement (Dkt. # 35).) In the ESI Agreement, the parties agreed to cooperate to determine the appropriate search terms before any effort to search for ESI using search terms is undertaken. (*Id.* at 4.) The agreement further provides that, if the parties are unable to agree on search terms, then the default procedures outlined in the agreement would apply: producing party discloses search terms, the parties meet and confer on the search terms, requesting party is entitled to request 5 additional terms, etc. (*Id.* at 4-5.)

In October 2019, LabCorp responded to Plaintiff's discovery requests objecting to numerous requests for documents as overly broad and unduly burdensome. (Steiner Decl. (Dkt. # 49), Ex. C (Def.'s Resp. to Discovery Req.).) LabCorp also objected to these purportedly overly broad requests asserting: "Defendant will provide relevant, non-privileged documents that are retrieved according to procedures set forth in the [ESI Agreement]." (*Id.* (*see e.g.* RFP Nos. 12, 13, 22, 24, 26, 28, 36, 37, 38, 39, 42, and 44).) LabCorp did produce some documents in response to Plaintiff's discovery requests but only those documents that LabCorp had in paper form. As became clear during the hearing on these motions, LabCorp only intended to produce electronically stored information if it was asked for directly by Plaintiff (*i.e.*, a specifically

identifiable document) or the electronically stored document "hit" after running search terms under the ESI Agreement.

The parties attempted to resolve this dispute but were unsuccessful. LabCorp brought the instant Motion for Protective Order because Plaintiff was demanding that LabCorp employ 142 search terms, resulting in 275,088 hits, that would purportedly cost LabCorp over $1.8 million to review and produce. (Def. Reply (Dkt. # 54) at 1.) Plaintiff responded with his own Motion to Compel arguing that the number of search terms was necessary because LabCorp refused to produce any ESI in response to the document requests. (Pl.'s Reply (Dkt. # 57) at 1 ("Plaintiff is merely asking that LabCorp not use the ESI Agreement as a complete shield from producing *any* electronic documents and communications, particularly those which do not reasonably require the use of search terms to locate.").)

According to Plaintiff, LabCorp refuses to produce any electronic documents or communications until Plaintiff adheres to the search parameters pursuant to the ESI Agreement without regard to its obligations under the discovery rules. (Mot. to Compel at 1.) LabCorp counters that it was obligated to produce "non-ESI" documents in response to the discovery requests – which it did – but that electronically stored information would only be produced pursuant to the ESI Agreement utilizing search terms. (Mot. for Prot. Order at 3-4, n.3.) LabCorp's rationale for its position is that it does not want to conduct two ESI searches, first in responding to the document requests with electronically stored information and then later searching electronically stored information for responsive documents using search terms.

Plaintiff counters that his ability to narrowly define search terms is hindered by the lack of documents that LabCorp has produced to date. Plaintiff requests that there be an initial production of responsive documents that LabCorp can gather without resorting to the ESI

ORDER - 3

Agreement. Once that production has taken place, Plaintiff contends it will be in a better position to refine search terms. LabCorp sees Plaintiff's position as a "chicken or the egg" problem: Plaintiff wants LabCorp to produce ESI so that ESI search terms can be narrowly tailored. (Mot. for Prot. Order at 4, n.3; *see also* Def. Reply at 3 ("[T]he fallacy in Plaintiff's argument that LabCorp must make some general ESI production (whatever that means) before Plaintiff is required to propose reasonable search terms, is further illustrated by the fact that the ESI Order specifically provides that a receiving party may propose up to 5 additional search terms after an initial search terms based retrieval of documents is review and produced.").)

The fallacy here is not in Plaintiff's "chicken or egg problem" but in LabCorp's misconception of the role of the ESI Agreement. Simply put, the obligation to respond to discovery requests is not supplanted by the ESI Agreement. The ESI Agreement is one tool to help the parties identify relevant, responsive information that has been stored electronically and is proportional to the needs of the case.

### III. ANALYSIS

Under Rule 34, a party must produce or permit inspection of documents responsive to a request for production of documents when such documents are in the party's "possession, custody or control." Fed. R. Civ. P. 34. A party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 554–56 (N.D. Cal. 1987), and, based on that inquiry, "[a] party responding to a Rule 34 production request . . . 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.'" *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted). When the case involves electronically stored information that is not reasonably accessible – such that data

cannot be searched manually – parties may use a variety of tools to conduct electronic searches including those identified in this Court's ESI Agreement. This tool does not supplant the requirement of Rule 34 that an initial, reasonable search for responsive documents be conducted in the first place.

Here, LabCorp admitted to only seeking responsive information that was in paper form.[1] Indeed, when LabCorp's counsel collected relevant documents from witnesses, he asked only for their paper documents and specifically declined to ask about any electronically stored information from these witnesses regardless of whether they were reasonably accessible without the aid of search terms. LabCorp's counsel took the position that if the information was stored electronically, it need not be collected until the parties agreed on search terms pursuant to the ESI Agreement. As stated above, this is an incorrect interpretation of a responding party's duty under Rule 34 and the ESI Agreement. A reasonably accessible electronic document that is responsive to a discovery request is no different than a reasonably accessible paper document and must be produced without regard to the parties' agreement to use search terms.

LabCorp strenuously argues that requiring two reviews of electronically stored information – one based on gathering reasonably accessible relevant documents and a broader search of all databases that could contain relevant information using search terms – is duplicative. The Court does not agree. The Federal Rules and the ESI Agreement in this jurisdiction work in tandem. Rule 34 requires the producing party to conduct a reasonable search for responsive relevant documents. This search can be accomplished several ways but typically involves a first step of asking witnesses to gather documents both paper and stored electronically

---

[1] Additionally, if Plaintiff identified a specific electronic document by name, LabCorp would produce that specific document even if it was in electronic form.

that is reasonably accessible and second by identifying data sources that may contain relevant information and running search terms in those data sources.[2] This is not duplicative.

An individual attorney's practice of collecting documents whether paper or stored electronically is unique in every case and no one process would fit every collection. That said, what should be common practice is to collect and produce electronically stored evidence that is known to a party to be responsive to a discovery request or relevant to the subject matter of the action whether it was identified as responsive by the search protocols the parties adopted. This did not happen here.

### IV.   CONCLUSION

The Court DENIES without prejudice LabCorp's Motion for a Protective Order (dkt. # 48). After complying with this order, LabCorp's concerns regarding the overbreadth of Plaintiff's search terms may be the subject of a subsequent motion. The Court GRANTS in part and DENIES in part Plaintiff's Cross-Motion to Compel (dkt. # 52). The Court GRANTS the motion to the extent it seeks responsive documents and orders LabCorp to produce responsive documents that can be identified and produced – whether in paper or electronic form – without the additional requirement of having to run search terms. The Court DENIES Plaintiff's motion as to the request for a special master and discovery sanctions. LabCorp is directed to file a status

---

[2] A good explanation of how this process should work was offered by Professor Steven Gensler's in his 2009 article: A Bull's-Eye View of Cooperation in Discovery, Stephen S. Gensler, 10 SEDONA CONF. J. 363 (2009). Professor Gensler analogized the discovery process in a civil case to target shooting: "No one shoots at a target by aiming for the outermost circles. You aim first for the bull's-eye. Discovery should be approached the same way—go first for what is most important, then follow up (if needed) with the information of lesser value." Judge Paul W. Grimm, Practical Ways to Achieve Proportionality During Discovery and Reduce Costs in the Pretrial Phase of Federal Civil Cases, 51 Akron L. Rev. 721, 734, n.23 (2017) (citing Professor Gensler, 10 SEDONA CONF. J. 363). LabCorp should focus first on the bull's eye and then work its way out using the ESI Agreement.

report on its compliance with this order by February 7, 2020. A response, if any, by Plaintiff shall be filed no later than February 12, 2020.

The Clerk is directed to send copies of this order to the parties and to the Honorable Richard A. Jones.

Dated this 31st day of January, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge